## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**v.**                                                            **Case No. 8:07-cr-99-T-23TBM**

**ROBERTO GOVEO-ZARAGOZA,**

        **Defendant.**

_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Defendant's Affidavit of Indigency (Doc. 592), which is construed as a motion for leave to proceed *in forma pauperis* on appeal. Defendant has filed a Notice of Appeal (Doc. 570) of the Court's Order (Doc. 563) denying his Motions for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) in light of Amendment 782 (Docs. 547, 552). The government has not filed a response. As explained below, I recommend that the Motion be denied.

A.

Rule 24 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1915 govern the determination of applications to proceed *in forma pauperis* on appeal. *See Ex parte Chayoon*, 2007 WL 1099088, No. 6:06-cv-1812-Orl-19JGG (M.D. Fla. Apr. 10, 2007). Rule 24(a) of the Rules of Appellate Procedure provides in part:

> **(1) Motion in the District Court**. Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:

**(A)**    shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;

**(B)**    claims an entitlement to redress; and

**(C)**    states the issues that the party intends to present on appeal.

**(2) Action on the Motion**.  If the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise.  If the district court denies the motion, it must state its reasons in writing.

**(3) Prior Approval**.  A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:

**(A)**    the district court – before or after the notice of appeal is filed – certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding, or

**(B)**    a statute provides otherwise.

Fed. R. App. P. 24(a).  Similarly, § 1915 provides, in pertinent part:

[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

*** 

An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

2

28 U.S.C. § 1915(a)(1), (3).  Thus, two requirements must be satisfied for a party to prosecute an appeal *in forma pauperis*: (1) the party must show an inability to pay (or that the party previously was permitted to proceed in forma pauperis), and (2) the appeal must be brought in good faith.

B.

A brief overview of the course of proceedings is useful.  Defendant was indicted for conspiring to possess with intent to distribute five kilograms or more of cocaine and for possession with intent to distribute five kilograms or more of cocaine while onboard a vessel subject to the jurisdiction of the United States.  (Doc. 1).  In June 2007, he pleaded guilty to both charges.  (Doc. 186).  On September 14, 2007, Defendant was sentenced to 188 months incarceration (concurrent) in accordance with the advisory sentencing guidelines.[1]  (Docs. 248, 252).  An appeal was taken from the Judgment.  The Eleventh Circuit dismissed the appeal on the motion of Defendant in April 2008.  (Doc. 472).

In January and February 2015, subsequent to the adoption of U.S.S.G. Amendment 782, Defendant filed his Amendment 782 motions.  (Docs. 547, 552).  The Federal Defenders Office ("FDO") was appointed to assist him.  In accordance with the practice in this district, the U.S. Probation Office submitted a memorandum wherein it concluded that Defendant was ineligible for a sentencing reduction under Amendment 782 because the drug quantity table remained the same despite the amendment.  (Doc. 549).  On November 9, 2015, the FPO filed its Notice stating that based upon its diligent and thorough review of the record, it could not

---

[1]In March 2008, the Court granted a sentence reduction to 135 months pursuant to the government's Rule 35 motion (Doc. 461).  (Doc. 476-77).

in good faith argue that Defendant is eligible for a sentence reduction under 18 U.S.C.

§ 3582(c)(2) and Amendment 782 because the amendment does not have the effect of

lowering Defendant's base offense level.  (Doc. 561).  The Court's Order affirming this

conclusion followed.  (Doc. 563).

      Defendant's affidavit establishes that he satisfies the first requirement - he is

indigent.  Nonetheless, the Motion should be denied on substantive grounds.  Construed

liberally,[2] any basis for appeal appears frivolous and thus the appeal is not brought in good

faith.[3]  Here, Defendant asserts no arguable, good faith basis to appeal the Court's Order

denying his Motion for an Amendment 782 Sentence Reduction.  Under the Court's finding,

Defendant was and is responsible for 15,157 kilograms of cocaine.  Upon application,

Amendment 782 does not have the effect of lowering Defendant's base offense level.

Defendant makes no attempt at demonstrating that it does or that he is otherwise qualified for

such reduction.[4]  Accordingly, a reduction in the term of imprisonment is not authorized

under 18 U.S.C. § 3582(c)(2) and U.S.S.G. §1B1.10.

---

[2]The Court should liberally construe *pro se* pleadings and hold them to a less stringent standard than pleadings drafted by attorneys.  *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)).

[3]Good faith is demonstrated by seeking appellate review of any issue that is not frivolous when judged under an objective standard.  *See Coppedge v. United States*, 369 U.S. 438, 445 (1962).  An issue is frivolous when it appears that the legal theories are "indisputably meritless"and/or its factual contentions are "clearly baseless."  *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

[4]In his motions, Defendant urges a reduction is appropriate because he has no criminal record, did not use violence, was low-level and not a manager or organizer, and has sought to improve himself while incarcerated.  (Docs. 547, 552).

C.

For the reasons stated above, it is **RECOMMENDED** that the Court **DENY**

Defendant's construed motion for leave to proceed *in forma pauperis* on appeal (Doc. 592) on

grounds that the appeal is frivolous and certify that the appeal is therefore not taken in good

faith.  It is **RECOMMENDED** further that the Clerk be directed to notify the Court of

Appeals of the above ruling in accordance with Rule 24(a)(4) of the Federal Rules of

Appellate Procedure.

Respectfully submitted this
6th day of January 2016.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations

contained in this report within fourteen days from the date of its service shall bar an aggrieved

party from attacking the factual findings on appeal and a *de novo* determination by a district

judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6;

M.D. Fla. R. 4.20.

Copies to:
United States District Judge, Steven D. Merryday
Counsel of Record
Roberto Goveo-Zaragoza, Reg. No. 49348-018, Giles W. Dalby C.F., 805 North Avenue F.,
Post, Texas 79356